IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------x
                                                     :
ASYMMETRX MEDICAL, INC. ET AL.                       :          3:13 MC 42 (JBA)
                                                     :
V.                                                   :
                                                     :
MARIA McKEON                                         :          DATE: MAY 1, 2013
                                                     :
-----------------------------------------------------x
```

RULING ON MULTIPLE PENDING MOTIONS

On March 15, 2013, defendant/counterclaim plaintiff Maria McKeon filed her Motion to Quash or Modify Subpoenas (Dkt. #1), with respect to seven subpoenas issued by plaintiff Asymmetrx Medical, Inc. and six other plaintiffs (including her brothers Frank McKeon and Peter McKeon)[collectively "the AsymmetRx Plaintiffs"], with respect to litigation pending in the U.S. District Court for the District of Massachusetts, AsymmetRx Medical, Inc. et al. v. Maria McKeon et al., No. 1:11 CV 11079 (NMG)["the Massachusetts Lawsuit"].[1] As explained

_____

[1]Nine exhibits were attached: copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to Linda Lalstedt Ursin (Exh. A); copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to Budlong & Barrett LLC (Exh. B); copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to John R. Williams & Associates, LLC (Exh. C); copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to Frank J. Romeo III (Exh. D); copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to Cooney, Scully and Dowling (Exh. E); copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to William P. Lennon (Exh. F); copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated March 7, 2013, to Rome McGuian, P.C. (Exh. G); copy of Report and Recommendation of Plaintiffs' Motion for Partial Summary Judgment, by U.S. Magistrate Judge Judith Gail Dein, filed March 2, 2012, in the Massachusetts Lawsuit (Exh. H); and copy of Report and Recommendation on the Defendants' Motions to Dismiss the Amended Complaint, filed March 5, 2012, by Judge Dein in the Massachusetts Lawsuit (Exh. I).

The factual background leading to the Massachusetts Lawsuit has been summarized in considerable detail in Judge Dein's two rulings, in Maria McKeon's motion and in the AsymmetRx Plaintiffs' brief.  (Dkt. #1, at 4-7 & Exhs. H-I; Dkt. #6, at 2-4).

by Maria McKeon, these subpoenas are all directed to three attorneys who have represented her or are representing her in her divorce against her ex-husband, William Lennon, pending in the Connecticut Superior Court in Tolland, Maria McKeon v. William Lennon, No. TTD-FA05-4003083-S ["the Divorce Action"], namely Frank J. Romeo, III, Budlong & Barrett, LLC and Linda Halstead Ursin,[2] to the attorney representing Lennon in the Divorce Action, namely Rome, McGuigan, PC, to Lennon himself, to the attorney representing her in her lawsuit against Attorney Romeo pending in the Connecticut Superior Court in Hartford, Maria McKeon v. Frank Romeo, III, No. HHD-CV11-6017650-S ["the Legal Malpractice Lawsuit"], namely John R. Williams & Associates, LLC, and to the attorney defending Attorney Romeo in this lawsuit, namely Cooney, Scully and Dowling.  (Dkt. #1, at 2-3).

Eleven days later, on March 26, 2013, the AsymmetRx Plaintiffs filed their brief in opposition.  (Dkt. #6).[3]  Two days later, on March 28, 2013, Motions to Quash or Modify

---

[2]The AsymmetRx Plaintiffs also have summarized Maria McKeon's protracted divorce proceedings, see note 3 infra.  (Dkt. #6, at 4-7  & Exhs. D-H).  See also McKeon v. Lennon, No. FA 054003083S, 2007 WL 2034971 (Conn. Super. Ct. June 21, 2007); McKeon v. Lennon, No. FA 054003083S, 2008 WL 1735148 (Conn. Super. Ct. Mar. 27, 2008); McKeon v. Lennon, No. FA 054003083S, 2008 WL 2502767 (Conn. Super. Ct. June 10, 2008); McKeon v. Lennon, No. FA 054003083S, 2008 WL 4415917 (Conn. Super. Ct. Sept. 15, 2008); McKeon v. Lennon, No. FA 054003083S, 2008 WL 4856334 (Conn. Super. Ct. Oct. 27, 2008); McKeon v. Lennon, No. FA 054003083S, 2009 WL 3286133 (Conn. Super. Ct. Sept. 10, 2009); McKeon v. Lennon, No. FA 054003083S, 2010 WL 625560 (Conn. Super. Ct. Jan. 12, 2010); McKeon v. Lennon, No. FA 054003083S, 2010 WL 4516050 (Conn. Super. Ct. Oct. 14, 2010); McKeon v. Lennon, 131 Conn. App. 585, 27 A.2d 436 (Conn. App.  Ct.), certification denied, 303 Conn. 901 (2011).

[3]In addition to copies of multiple rulings, eight exhibits were attached: copy of the Second Amended Complaint (with Subexhibits A-Q), filed April 10, 2012, in the Massachusetts Lawsuit (Exh. A); copy of defendant Maria McKeon's Objections and Responses to Plaintiffs' First Set of Interrogatories, dated March 6, 2013, in the Massachusetts Lawsuit (Exh. B); copy of defendant Maria McKeon's Answer, Special Defenses and Verified Counterclaim and Complaint, filed April 24, 2012, in the Massachusetts Lawsuit (Exh. C); copy of the computerized docket sheet in the Divorce Action (Exh. D); copy of decision in the Divorce Action, filed December 31, 2007, 2007 WL 5037901 (Exh. E); copy of decision in the Divorce Action, filed October 20, 2011, 2011 WL 5458487 (Exh. F); copy of decision in the Divorce Action, filed November 20, 2012, 2012 WL 6582567 (Exh. G); and copy of redacted Financial Affidavits, dated March 31 and November 7, 2006, August 22 and December 12, 2007, and January 28 and May 29, 2011 in the Divorce Action (Exh. H).

Subpoenas were filed by Budlong & Barrett (Dkt. #8)[4] and by John R. Williams and John R. Williams & Associates, LLC (Dkt. #9), as to which the AsymmetRx Plaintiffs filed their briefs in opposition on April 2, 2013.  (Dkts. ##13-14).[5]   Two days thereafter, on April 4, 2013, Linda H. Ursin filed her Motion to Quash or Modify Subpoenas (Dkt. #15),[6] as to which the AsymmetRx Plaintiffs filed their brief in opposition five days later, on April 9, 2013.  (Dkt. #18).  Maria McKeon filed her reply brief that same day.  (Dkt. #19).

This file was referred to this Magistrate Judge by U.S. District Judge Janet Bond Arterton on March 19, 2013.  (Dkt. #3; see also Dkt. #16).

Each of the subpoenas contains the same fifteen document requests: all documents that relate, reflect, or refer to AsymmetRx, Inc., AsymmetRx Medical, Inc., Peter McKeon and Frank McKeon (Nos. 1-4); all motions, pleadings or other documents filed in the Divorce Action that relate, reflect or refer to AsymmetRx, Inc. or AsymmetRx Medical, Inc., Maria McKeon's ownership interest in, role at any time within, or employment status from January 1, 2001 through the present in AsymmetRx, Inc. and from June 1, 2008 to the present in AsymmetrRx Medical, Inc. (Nos. 5-10 and 15); all financial statements filed by Maria McKeon in the Divorce Action (No. 11); and all discovery, including but not limited to deposition transcripts, responses to interrogatories, responses to requests for production, and production of documents that reflect the assets of Maria McKeon and of the two companies (Nos. 12-14).  (Dkt. #1, at 7-8 & Exhs. A-G).

---

[4]Another copy of the subpoena directed to it was attached.

[5]Attached to Dkt. #13 was another copy of the subpoena directed to Budlong & Barrett, LLC (Exh. A) and the Affidavit of Service, dated March 12, 2013 (Exh. B).  Attached to Dkt. #15 was another copy of the subpoena directed to John R. Williams & Associates, LLC (Exh. A) and the Afifdavit of Service, dated March 12, 2013 (Exh. B).

[6]Another copy of the subpoena directed to her was attached.

Maria McKeon argues that the subpoenas seek privileged, work product and confidential personal information, much of which is irrelevant to the Massachusetts Action (Dkt. #1, at 8-10)[7]; and the subpoenas impose significant and duplication burden upon the seven recipients (id. at 10-12).  In response, the AsymmetRx Plaintiffs have argued that the burden falls upon Maria McKeon to show that the discovery should not be allowed and that she has failed to establish that these documents are privileged or burdensome (Dkt. #6, at 7-10), that she has failed to meet her burden of establishing every element of the attorney-client privilege and the applicability of the work-product doctrine, and even if there had been a privilege, it has now been waived (id. at 10-13), that Maria McKeon does not have standing to assert burden by non-parties and there is no undue burden placed on the recipients (id. at 13-14, 16-17); and that the materials sought are directly related to the issues in dispute in the Massachusetts Lawsuit, to which Maria McKeon's privacy concerns must yield (id. at 15-16 & Exh. H).  In her reply brief, Maria McKeon argues that any production must be limited to non-privileged documents concerning AsymmetRx, Inc. and her ownership interest therein.  (Dkt. #19, at 5, 8; see also id. at 4-9).

Maria McKeon and the other moving parties are correct that these discovery requests pose an unnecessary burden upon the seven recipients, who have no interest whatsoever in the intricacies of the Massachusetts Lawsuit, and would infringe upon privileged communications.  Unless otherwise ordered by Judge Dein in the Massachusetts Lawsuit, the far more efficient manner in which to proceed, which will protect the interests of all parties, is for Maria McKeon to produce relevant documents to this Magistrate Judge for her in

---

[7]Maria McKeon already provided the AsymmetRX Plaintiffs with Schedule C, Profit and Loss from Business, of her tax returns and Form W-2s and Form 1099s, for the years 2001 through 2007.  (Id. at 9, n.2).

camera review.  Insofar as most of the filings in the Divorce Action and the Legal Malpractice Lawsuit are matters of public record, Maria McKeon's review will be limited to those docket entries filed under seal, or those documents that are not filed in state court, such as deposition transcripts and discovery responses.  Of the fifteen categories of documents, Maria McKeon shall produce for this Magistrate Judge's in camera review the following documents: excerpts, or redacted copies, of documents responsive to Nos. 1-10, and 13-14; and excerpts, or redacted copies, of documents responsive to Nos. 11-12, limited to AsymmetRx, Inc. and AsymmetRx Medical, Inc. only.[8]  Obviously, Maria McKeon need not provide documents that already have been produced to the AsymmetRx Plaintiffs  in the Massachusetts Action. Such documents shall be delivered to this Magistrate Judge's Chambers for her in camera review **on or before May 15, 2013**.

Therefore, the pending Motions to Quash (Dkts. ##1, 8, 9 and 15) are granted, provided that Maria McKeon produces the documents ordered for in camera review by the Magistrate Judge on or before May 15, 2013.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same)**; FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local

---

[8]With respect to No. 11, Maria McKeon may continue to redact items not related to AsymmetRx, Inc. and AsymmetRx Medical, Inc.

Maria McKeon already has provided sufficient information responsive to No. 15.  See note 7 supra.

Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 1st day of May, 2013.


   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

6